DOWNEY, Judge.
The state has appealed the sentence of the trial court, which departs from the fifteen-year prison sentence mandated by statute for a conviction of trafficking in over 400 grams of cocaine. Garcia has also cross appealed his judgment of conviction and sentence based upon the trial court’s refusal to grant a continuance and its failure to give an entrapment instruction.
After a trial by jury, wherein Garcia and codefendant Francese were found guilty of trafficking in over 400 grams of cocaine, the trial judge refused to follow the mandatory minimum sentence of fifteen years provided by statute. The judge stated that he was convinced of the defendant’s guilt, but he was upset by the attitude and demeanor of the law enforcement personnel in their handling of the matter. Therefore, although he recognized the statutory mandate, he wanted to “send a message” of deterrence to the law enforcement people.
Without criticizing the trial judge’s views about the manner in which the law enforcement people conducted themselves, we are unable to approve the methodology used to rectify it. Once the jury has spoken, the statute allows for no deviation or exercise of discretion in the matter. The sentence *664 is fixed. Thus, we must reverse the 7¾⅛-year sentence imposed instead of the fifteen-year sentence provided by law.
We have fully considered Garcia's cross appeal and find no error demonstrated in the trial court’s denial of his motion for continuance or its failure to give a jury instruction on entrapment. Garcia did not request such an instruction at trial and the facts do not appear to warrant nor justify such an instruction as to him.
Accordingly, we affirm the cross appeal and reverse the sentence appealed from and remand the cause with instructions to resentence appellant according to the mandate of the law.
WALDEN, J., and SHARP, WINIFRED J., Associate Judge, concur.